IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Sandra Denese Manning-Kirby *
P.O. Box 48552
Washington, DC 20002 *
(Full name and address of the plaintiff)
**Plaintiff(s)**

vs. * Civil No.: GJH 16CV0018
(Leave blank. To be filled in by Court.)

Dr. Betachour, et, al
Holy Cross Hospital *
1500 Forest Glenn Road
Silver Spring, Md 20910 *

301 754-7000
(Full name and address of the defendant(s))
**Defendant(s)** *
******

**FILED** ___ **ENTERED** ___
**LODGED** ✓ **RECEIVED**
JAN - 5 2016
AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

## COMPLAINT

1. Jurisdiction in this case is based on:

   ☐ Diversity (none of the defendants are residents of the state where plaintiff is a resident)

   ☑ Federal question (suit is based upon a federal statute or provision of the United States Constitution)

   ☐ Other (explain) _____
   _____
   _____

2. The facts of this case are:

   See Attachment

3. The relief I want the court to order is:

☐ Damages in the amount of: _____

☐ An injunction ordering: _____
_____

☐ Other (explain) _____
_____

January 5, 2016
(Date)

*Sandra D. Manning Kirby*
(Signature)

Sandra D. Manning-Kirby
P.O. Box 48552
Washington, DC 20002
202-246-7076
(Printed name, address and phone number of Plaintiff)

**Privacy Rules and Judicial Conference Privacy Policy**

Under the E-Government Act and Judicial Conference policy, any paper filed with the court should not contain an individual's social security number, full birth date, or home address; the full name of person known to be a minor; or a complete financial account number. These rules address the privacy concerns resulting from public access to electronic case files.

United States District Court of Maryland

Southern Division

Greenbelt Maryland

U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 JAN -5 AM 9: 06

CLERK'S OFFICE
AT GREENBELT

BY _____ DEPUTY

Sandra D. Manning-Kirby

    Plaintiff

Vs

Dr. Betaphour, et.al..,

Holy Cross Hospital

Silver Spring, Maryland

    Defendant

GJH 16CV0018

Re:    Charles Leon Kirby

July 8, 1948- January 6, 2013

Complaint : Set forth TB/ Amended by Attorney of Law : State of Maryland

Pursuant to Laws of Medical Negligence, Medical Mistakes, Medical Malpractice and Wrongful Death , in the State of Maryland ; Statutes administered in and set forth in the state of Maryland . This document filed not limited to and inclusive of statutes S-2A-01; S3-2A-04; S3-904, in the state of Maryland . The Petitioner admits within this document, Several Standards of the Doctoral persons Medical Professions omission of and Standard of Care was omitted, ignored and did not exist at HC Hospital which was set forth and activated to do so.

That on Sunday, December 23, 2012, her husband Charles L. Kirby, was admitted to Holy Cross Hospital under and from the direction of Kaiser Permanente Emergency Room Doctors of The Lanham Medical Center ,Upper Marlboro, Maryland.

During this -13 day hospitalization Charles L. Kirby did receive two surgical procedures advised administered and performed by Kaiser Permanente Doctors . Two procedures were performed , Wednesday December 26, 2012 and Friday December 28, 2012. Saturday December 29, 2012, Charles Kirby was talking, coherent audibly visibly and vocally expressive responded to comprehensive of and received the Kaiser Permanente Doctor outpatient recovery follow up care upon his release early the upcoming week.

This document will prove that Sunday December 30 2012 Holy Cross Doctors placed him in a coma to awaken him upon some rest. No doctor was visible and or present to my knowledge.  December 31, 2012, Monday Within 12 hours, This female HC doctors said," it did not look good for him." I only saw this doctor once.  Kaiser Permanente Surgeon had come in to conclude out his procedure late that afternoon, I told him of that hospital doctors coma placing and outlook recovery,  he wondered what

<u>could the problem be.. his procedure was successful.</u> within 48 hours, January 2, 2013, he'd stopped physical movements and suggestive response to me .

January 1, 2013, I was advised by a nurse to stop talking to him because he knew my voice and responded physically to me because he wanted to talk with me.  However upon his admittance into intensive recovery care after the last surgical procedure care the administrative nurse advised me to talk with my husband that it proved beneficial to another intensive care male patient , who admitted that he could hear his wife's voice expediting his recovery.  Saturday January 5, 2013 he'd received two administrations of Kidney dialysis, two days prior, the Kaiser Permanente doctor was impatient, insulting and cruel  with her explanations as of what determined this medical procedure of dialysis for my husband.

Sunday January 6, 2013, early night, 9:00 p.m.  I received a call from HC doctor telling me he'd suffered a heart attack, was alive, it would possibly happen again and there was  no need to rush to the hospital.  I speed to HC hospital as quick as possible upon my arrival within the half hour he'd been pronounced dead.  I requested of a male nurse to speak with the doctor.  This HC doctor is the same man who telephone me within the last hour of " this heart attack" and not to rush to the hospital.

This doctor was called on the telephone, his name was Dr. Betapour, I asked him, " could you explain to me what happen to my husband, I need to know the medical reasoning's for his death he was to come home in full recovery days ago. "  His response was," there was no explanations for these things they just happen, how do you explain this. " I stated " someone  has to tell me something".  He said, "he was busy visiting with his other patients on the third floor, he did not have time. I could talk with the doctors in the morning. "

My husband of 18 years just passed  it had not been one hour. He was still warm in the room.

March 2013, I went to HC Hospital to request his medical records.  Given a basic form  to complete, the person in the records office there was initiating the procedure, then she inquired if he'd passed away. She then informed me I needed the " death certificate" to recover those medical records. Medical records should be available usually with a fee per page whether dead, paralyzed, recovered, intensive care, outpatient inpatient.

The facts, events, doctoral care, nurses care,  medicines used,  utensils used, medical environment , services rendered, HC hospital rooms environment,  from his physical bodies entrance ,into, during and while being professional medically cared for did render several omissions of the standard quality  of care for the State of Maryland 's Medical professional Board of Certification for the care of a human being while hospitalized for medical treatment.. and while at  HC Hospital in Silver Spring Maryland impeded the expiration of my husband Charles Leon Kirby.

Pro se Plaintiff
*Sandra Denese Manning Kirby*
Sandra Denese Manning-Kirby

Cel # 202-246-7076
Email SManningKirby@yahoo.com
Mail  P.O. Box 48552
      Washglin DC 20002