FILED
U.S. DISTRICT COURT
IN THE UNITED STATES DISTRICT COURT DISTRICT OF MARYLAND
FOR THE DISTRICT OF MARYLAND
*Southern Division*

2016 JAN 29  A 11: 11

CLERK'S OFFICE
AT GREENBELT

BY_____DEPUTY

| | |
|---|---|
| **SANDRA D. MANNING-KIRBY,** | * |
| **Plaintiff,** | * |
| **v.** | **Case No.: GJH-16-18** |
| **DR. BETAPHOUR, et al.,** | * |
| **Defendants.** | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Sandra D. Manning-Kirby is suing Defendants, presenting claims of medical malpractice and wrongful death under Maryland law. ECF No. 1.[1] Manning-Kirby's claims are based on events surrounding the death of her husband, Charles Leon Kirby, in 2013. The Court will grant her Motion for Leave to Proceed in Forma Pauperis.

"It is well established that before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006). A district court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Pursuant to Fed. R. Civ. P. 12(h)(3), "the court must dismiss the action" if it determines that it lacks subject matter jurisdiction. *See also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506–07 (2006).

Federal jurisdiction is limited and available when a "federal question" is presented or there is diversity of citizenship of the parties. *See* U.S. Const. art. III, § 2; 28 U.S.C. §§ 1331,

---

[1] The Complaint does not indicate what relief is sought.

1332. There is no presumption that jurisdiction is vested in the Court. *See Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). Manning-Kirby indicates on the civil cover sheet that jurisdiction in this action is premised on federal question jurisdiction. However, grounds for federal question jurisdiction are neither specified nor apparent. Manning-Kirby does not claim this case implicates a constitutional right guaranteed by the United States Constitution or a matter of federal law. As earlier noted, the Complaint states the claims presented are brought pursuant to state law.

Manning-Kirby indicates on the financial statement filed with the Motion to Proceed in Forma Pauperis that she is a resident of Maryland. ECF No. 2. Since at least one Defendant, Holy Cross Hospital, is located in Maryland and the amount in controversy is unstated, no grounds for diversity jurisdiction are suggested by the facts.

Absent a basis to assert federal jurisdiction, the Court must dismiss this case without prejudice for lack of jurisdiction. An Order reflecting this Memorandum Opinion follows.[2]

Dated: January     , 2016

GEORGE J. HAZEL
United States District Judge

---

[2] Plaintiff may wish to pursue her claims in state court as may be appropriate. To the extent Plaintiff intends to bring a medical malpractice claim, medical malpractice claims are subject to the mandatory arbitration provisions of the Maryland Health Care Malpractice Claims Act, by which she must first file his malpractice claim with the Maryland Health Care Alternative Dispute Resolution Office. *See* Md. Code, §§ 3– 2A–01 *et seq.* of the Courts and Judicial Proceeding Article.